RECEIPT NUMBER
535799

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON MALIK

    Plaintiff,

-vs-

ASSET ACCEPTANCE, LLC, CAPITAL ONE, F.S.B.,
CAPITAL ONE SERVICES, INC., WESTMORELAND
AGENCY, INC., ENHANCED RECOVERY
CORPORATION, NCO FINANCIAL GROUP, RIDDLE
AND ASSOCIATES, and SBC HOLDINGS, INC.,

    Defendants.
_____/

```
JUDGE : Gadola, Paul V.
DECK  : S. Division Civil Deck
DATE  : 12/16/2005 @ 15:48:26
CASE NUMBER : 4:05CV40382
cmp jason malik v. asset
acceptance, et al tam
```

Whalen

ADAM S. ALEXANDER (P53584)
Attorney for Plaintiff
500 S. Washington Ave., Ste. 5
Royal Oak, MI 48067
Phone: (248) 246-6353
Fax: (248) 246-6355

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### JURISDICTION

1. This court has jurisdiction under FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the integrated state law claims arising out of the same facts and circumstances that gave rise to the federal law claims.

### PARTIES

3. Plaintiff, Jason Malik, resides in Portage, Michigan.

4. Defendants are as follows:

1

a. Asset Acceptance, LLC ("Asset Acceptance"), is a corporation doing business as CFC Financial in Michigan at the address P.O. Box 2036, Warren, Michigan, with its resident agent, The Corporation Company, maintaining an office at 30600 Telegraph Rd., Suite 2345, Bingham Farms, Michigan 48025.

b. Enhanced Recovery Corporation, ("ERC"), is a Delaware corporation doing business in Michigan, with its registered agent, Capital Corporate Services, Inc., maintaining an office at 712 Abbott Rd., East Lansing, MI 48823.

c. Capital One F.S.B., Capital One Services, Inc., and Westmoreland Agency, ("Capital One"), are all Corporations or subsidiaries of Capital One, doing business in Michigan.

d. NCO Financial Systems of Michigan Group, ("NCO"), is a corporation doing business in Michigan, with its registered agent, The Corporation Company, maintaining an office at 30600 Telegraph Rd., Suite 2345, Bingham Farms, Michigan 48025.

e.. Riddle and Associates, ("Riddle"), is a professional corporation located in Utah, which does business in Michigan.

f. SBC Teleholdings, Inc., ("SBC"), is a corporation doing business in Michigan.

5. Asset Acceptance is a "debt collector" under the FDCPA, 15 U.S.C. §1692k(6).

6. ERC is a "debt collector" under the FDCPA, 15 U.S.C. §1692k(6).

7. Capital One is a "debt collector" under the FDCPA, 15 U.S.C. §1692k(6).

8. NCO is a "debt collector" under the FDCPA, 15 U.S.C. §1692k(6).

9. Riddle is a "debt collector" under the FDCPA, 15 U.S.C. §1692k(6).

10. Asset Acceptance is a "regulated person" under the Michigan Debt Collection Practices Act, M.C.L. §445.251(g)(xi); alternatively Asset Acceptance is a "collection agency"

according to the definitions in M.C.L. §339.901(b).

11. Capital One is a "regulated person" under the Michigan Debt Collection Practices Act, M.C.L. §445.251(g)(xi); alternatively RMA is a "collection agency" according to the definitions in M.C.L. §339.901(b).

12. ERC is a "regulated person" under the Michigan Debt Collection Practices Act, M.C.L. §445.251(g)(xi); alternatively RMA is a "collection agency" according to the definitions in M.C.L. §339.901(b).

13. NCO is a "regulated person" under the Michigan Debt Collection Practices Act, M.C.L. §445.251(g)(xi); alternatively RMA is a "collection agency" according to the definitions in M.C.L. §339.901(b).

14. Riddle is a "regulated person" under the Michigan Debt Collection Practices Act, M.C.L. §445.251(g)(xi); alternatively RMA is a "collection agency" according to the definitions in M.C.L. §339.901(b).

15. SBC is a "regulated person" under the Michigan Debt Collection Practices Act, M.C.L. §445.251(g)(xi).

## VENUE

16. The transactions and occurrences which give rise to this action occurred in Oakland County and Wayne County, Michigan.

17. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

18. SBC began authorizing collection activity upon Mr. Malik on or about December, 2004 based on two accounts which have never been properly investigated or confirmed.

19. SBC failed to make a reasonable inquiry into identity of the person(s) who opened the accounts in question, and SBC failed to properly investigate Mr. Malik's repeated denial of responsibility for said accounts.

20. Mr. Malik contacted several SBC representatives to deny responsibility for the alleged debts and discern the reason for their existence.

21. SBC, upon information and belief, could not link Mr. Malik to the alleged accounts, and otherwise failed to confirm the alleged debt.

22. Despite this failure, SBC subsequently engaged a series of debt collectors, who SBC authorized to collect on the account, including:

    a. Capital One

    b. FRC

    c. NCO

    d. Riddle

    e. Asset Acceptance

23. Capital One, as a debt collector under SBC's authority, placed information relating to the accounts in Mr. Malik's credit reporting consumer files with the major credit reporting database.

24. Asset Acceptance, as a debt collector under SBC's authority, placed information relating to the accounts in Mr. Malik's credit reporting consumer files with the major credit reporting database.

25. Capital One falsely asserted that Mr. Malik owed the debts and continued the credit reporting.

26. Asset Acceptance falsely asserted that Mr. Malik owed the debts and continued the credit reporting.

27. The credit information referenced above was false and constituted misrepresentation by those entities.

28. Each time that one of the debt collectors referenced above was engaged by SBC, Mr. Malik notified each that the debt was not valid and sent letters to all five debt collectors listed above, seeking validation of the alleged debts, and requesting other detailed information.

29. Despite receiving the validation letters sent by Mr. Malik, Capital One and Asset Acceptance continued collection activity in connection with the disputed debts.

30. Mr. Malik has repeatedly and consistently disputed the accounts and the negative information.

31. After Mr. Malik notified each above-listed debt collector that the debts were not valid and sent letters to all five debt collectors listed above, and before the debts were validated, both Capital One and Asset Acceptance contacted Mr. Malik in a further attempt to collect the disputed debts in a manner inconsistent with and overshadowing their notice of validation rights.

32. The five debt collectors listed above failed to verify the accounts as requested by Mr. Malik.

33. When SBC engaged Asset Acceptance to collect on the accounts, Asset Acceptance falsely verified the information based upon the information provided to it by SBC, and Asset Acceptance's verification was otherwise insufficient according to prevailing law.

34. Asset Acceptance also wrongfully continued to report Mr. Malik's accounts as "OPEN" "INSTALLMENT" and "FACTORING COMPANY ACCOUNT", in violation of

prevailing law.

35. As the result of the facts alleged above, Mr. Malik has suffered damages.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT
**(Capital One, ERC, NCO, Riddle and Asset Acceptance)**

36. Mr. Malik incorporates by reference all facts and allegations set forth in this complaint.

37. Defendants have engaged in violations of the FDCPA including, but not limited to the following:

a. Using false, misleading or unfair methods to collect a debt(s), in violation of 15 U.S.C. §1692e.

b. Making false representations of: a) the character, amount, or legal status of a debt(s); or b) any service rendered or compensation which may be lawfully received by Defendants for the collection of the debt(s), in violation of U.S.C. §1692e(2).

c. Communicating or threatening to communicate credit information which is known or should be known to be false, in violation of U.S.C. §1692e(8).

d. Using false representations or deceptive means to collect or attempt to collect debt(s) or to obtain information concerning Mr. Malik, in violation of U.S.C. §1692e(10).

e. Using unfair or unconscionable means to collect or attempt to collect debt(s), in violation of the general prohibition in U.S.C., including, but not limited to attempting to collect of amounts not expressly authorized by the agreement creating the debt or permitted by law, §1692f(1).

f. Failing to cease collection of a disputed debt until properly verified in violation

of §1692g(b).

38. Defendants failed to send any validation notice, or a legal validation notice, relating to the debts in violations of U.S.C. §1692g(a).

39. Mr. Malik has suffered damages as a result of Defendants' violations of the FDCPA.

## COUNT II - FAIR CREDIT REPORTING ACT
### (Capital One and Asset Acceptance)

40. Mr. Malik incorporates by reference all facts and allegations set forth in this complaint.

41. Capital One and Asset Acceptance are Creditors of information as contemplated by FCRA section §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

42. Mr. Malik has requested reinvestigation of the trade line of Capital One and Asset Acceptance which appeared on Mr. Malik's consumer report.

43. Capital One and Asset Acceptance have failed or refused to conduct an appropriate investigation into the inaccuracy of the tradelines.

44. Capital One and Asset Acceptance have failed or refused to correct the inaccurate and misleading tradelines.

45. From December of 2004 to the present Capital One and Asset Acceptance have continually added, stored, maintained and disseminated personal and credit information about Mr. Malik to consumer reporting agencies that was inaccurate, false, erroneous and misleading despite notices by Mr. Malik that such information was erroneous.

46. Capital One and Asset Acceptance and , wrongfully obtained a consumer report under false pretenses or knowingly without a permissible purpose in violation of 15 U.S.C. §1681n.

47. Capital One and Asset Acceptance did not have a lawful purpose for requesting, obtaining and/or utilizing Plaintiff's consumer report from the Credit Reporting Agencies, in violation of 15 U.S.C. §1681b.

48. Mr. Malik has suffered damages as the result of this failure to comply with the FCRA.

49. Capital One and Asset Acceptance's actions constitute negligent violation of 15 U.S.C. §1681s-2(b) of the FCRA in violation of U.S.C. §1681o.

50. Capital One and Asset Acceptance's constitute a willful violation of 15 U.S.C. §1681s-2(b) of the FCRA in violation of U.S.C. §1681o.

## COUNT III - MICHIGAN DEBT COLLECTION PRACTICES ACT
### (All Defendants)

51. Mr. Malik incorporates by reference all facts and allegations set forth in this complaint.

52. Defendants violated the Michigan Collection Practices Act, MCL §445.251, et seq., including, but not limited to:

    a. Communicating with a debtor in a misleading or deceptive manner

    b. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of communication when it is made in connection with collecting a debt in violation of MCL §445.251(e).

    c. Misrepresenting in a communication with a debtor 1 or more of the following in violation of MCL §445.251(f):

      i. The legal status of a legal action being taken or threatened;

      ii. The legal rights of the creditor or debtor;

      iii. That accounts have been turned over to innocent purchasers for value.

    d. Failing to implement a procedure designed to prevent a violation by an employee in violation of MCL §445.251(q).

53. Mr. Malik has suffered damages as a result of Defendants' violations of the Michigan Collection Practices Act.

## COUNT IV - MICHIGAN OCCUPATIONAL CODE

54. Mr. Malik incorporates by reference all facts and allegations set forth in this complaint.

55. Defendants are "collection agencies" under MCL §339.901(f)

56. Defendants foregoing acts and omissions in attempting to collect the alleged debts described herein against Mr. Malik constitute violations of the Occupational Code, including, but not limited to:

    a. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

57. These violations of the Michigan Occupational Code by Defendants were willful.

58. Mr. Malik has been harmed by these violations in an amount to be determined at trial.

## JURY DEMAND

59. Mr. Malik hereby demands a jury in this action.

## DEMAND FOR JUDGMENT AND RELIEF

60. Accordingly, Mr. Malik requests:

    a. Equitable relief under the Michigan Occupational Code and/or the Michigan Collection Practices Act that Mr. Malik does not owe the alleged debts.

    b. Deletion of any and all accounts being wrongfully reported to any credit bureau by any Defendant.

    c. Actual damages.

    d. Statutory damages.

    e. Treble damages.

    f. Statutory costs and attorney fees.

Respectfully submitted,

By: _____
ADAM S. ALEXANDER (P53584)
Attorney for Plaintiff
500 S. Washington Ave., Ste. 5
Royal Oak, MI 48067
(248) 246-6353

December 13, 2005

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: _____

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

### I. (a) PLAINTIFFS
JASON MALIK

### DEFENDANTS
ASSET ACCEPTANCE, LLC, CAPITAL ONE F.S.B., CAPITAL ONE SERVICES, INC., WESTMORELAND AGENCY, INC., ENHANCED RECOVERY CORPORATION, NCO FINANCIAL GROUP, RIDDLE & ASSOCIATES, and SBC HOLDINGS, INC.

(b) County of Residence of First Listed: Kalamazoo
County of Residence of First Listed: Wayne

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)
Adam S. Alexander, Esq.
500 S. Washington Ave., Ste. 5
Royal Oak, MI 48067  (248) 246-6353

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury- Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21: 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | / 365 Personal Injury - Product Liability | 630 Liquor Laws | | 450 Commerce/ICC |
| 150 Recovery of Overpayment and Enforcement of Judgment | 320 Assault Libel And Slander / 368 Asbestos Personal Injury Product Liability | 640 R.R. & Truck | PROPERTY RIGHTS | 460 Deportation |
| 151 Medicare Act | 330 Federal Employers' Liability | 650 Airline Regs. | 820 Copyrights | 470 Racketeer Influenced & Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 340 Marine / PERSONAL PROPERTY | 660 Occupational Safety/Health | 830 Patent | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability / 370 Other Fraud | 690 Other | 840 Trademark | 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | 350 Motor Vehicle / 371 Truth in Lending | LABOR | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | 360 Other Personal Injury / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| | | | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 864 SSID Title XVI | 894 Energy Allocation Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | FEDERAL TAX SUITS | |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 740 Railway Labor Act / 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | 790 Other Labor Litigation | |
| 290 All Other Real Property | | 550 Civil Rights | 791 Empl. Ret. Inc. Security Act / 871 IRS-Third Party 26 USC 7609 | [X] 890 Other Statutory Actions |
| | | 555 Prison Condition | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 (specify): Transferred from another district
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Wrongful debt collections and reporting - FDCPA 15 U.S.C. 1692(d) and 28 U.S.C. 1331; 1337

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
$ DEMAND
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: December 19, 2005
SIGNATURE OF ATTORNEY OF RECORD

PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.  Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes :